# United States District Court
## EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA
V.

Ricky Dennis

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 16 CR 588 (WFK)

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact
___ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (State or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  ___ a crime of violence as defined in 18 U.S.C. §3156(a)(4).
  ___ an offense for which the maximum sentence is life imprisonment or death.
  ___ an offense for which a maximum term of imprisonment of ten years or more is prescribed in_____.
  ___ a felony that was committed after the defendant had been convicted of two or more prior federal offense described in 18 U.S.C. §3142(f)(1)(A)-(C), or comparable state or local offenses.
___ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
___ (3) A period of not more than five years has elapsed since the (date of conviction)(release of the defendant from imprisonment) for the offense described in finding (1).
___ (4) The defendant has not rebutted the presumption established by finding Nos.(1), (2) and (3) that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community.

### Alternative Findings (A)
___ (1) There is probable cause to believe that the defendant has committed an offense
  ___ for which a maximum term of imprisonment of ten years or more is prescribed in___21 U.S.C. §_____.
  ___ under 18 U.S.C. §924(c).
___ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)
___ (1) There is a serious risk that the defendant will not appear.
___ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II - Written Statement of Reasons for Detention
I find that the credible testimony and information submitted at the hearing establishes by a *preponderance of the evidence/clear and convincing evidence* that no conditions will reasonably assure *defendant's appearance/the safety of the community* because
  ___ defendant lacks substantial ties to the community.
  ___ defendant is not a U.S. citizen and an illegal alien.
  ___ defendant has no stable history of employment.
  _X_ defendant presented no credible sureties to assure his appearance.
  ___ but leave is granted to reopen and present a bail package in the future.
  ___ defendant's family resides primarily in_____.

D's sureties do not assure his appearance or overcome his danger to the community.

### Part III - Directions Regarding Detention
The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: 1/26, 2017
Brooklyn, New York

s/ VMS
UNITED STATES MAGISTRATE JUDGE



U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

271 Cadman Plaza East
Brooklyn, New York 11201

January 26, 2017

By Hand and ECF

The Honorable Vera M. Scanlon
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:   United States v. Ricky Dennis
                Criminal Docket No. 16-CR-588 (WFK)

Dear Judge Scanlon:

      The government submits this letter in advance of the defendant's arraignment on the violation charges filed by the United States Probation Department in the above-captioned case.

      As set forth in the Violation of Supervised Release Report dated January 25, 2017 (the "Violation Report"), the defendant was released from custody in September 2016 following his conviction for Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and using, carrying, and brandishing a firearm during and in relation to that crime of violence, in violation of 18 U.S.C. § 924(c). As described below, on a VOSR hearing, the defendant bears the burden of showing by clear and convincing evidence that he is not a risk of flight or danger to the community. Here, the defendant is a suspect in a double homicide that took place two days ago. The defendant is aware that he is under significant scrutiny by law enforcement. The evidence implicating him in the homicide and the fact that he is under investigation for such a serious crime make him a danger to the community and flight risk.

      For the reasons stated below, the government requests that the defendant Ricky Dennis be detained pending resolution of the violations of supervised release because he represents a danger to the community and because he poses a significant flight risk.

A.  Legal Standard

Under Rule 32.1 of the Federal Rules of Criminal Procedure, the Court may release or detain an individual charged with a violation of supervised release under the terms of 18 U.S.C. § 3143(a) pending further proceedings. Fed. R. Crim. P. 32.1(a)(6). The defendant bears the burden of establishing by clear and convincing evidence that he will not flee or pose a danger to any person or to the community. See id.

Evidentiary rules do not apply at detention hearings and the government is entitled to present evidence by way of proffer, among other means. See 18 U.S.C. § 3142(f)(2); see also United States v. LaFontaine, 210 F.3d 125, 130-31 (2d Cir. 2000). [I]n the pre-trial context, few detention hearings involve live testimony or cross-examination. Most proceed on proffers. Id. at 131. This is because bail hearings are "typically informal affairs, not substitutes for trial or discovery." Id. (internal quotation marks omitted).

These precepts carry even more weight here because, as explained above, the government does not bear the burden of persuasion. Instead, the defendant must not only come forward with evidence to support the propriety of his release, he must also prove, by clear and convincing evidence, that he is not a flight risk or a danger to the community.

Although the defendant bears the burden, the same four factors as used in § 3142 bail decisions continue to be relevant: (1) the nature and circumstances of the crimes charged, (2) the history and characteristics of the defendant, (3) the seriousness of the danger posed by the defendant's release, and (4) the evidence of the defendant's guilt. See 18 U.S.C. § 3142(g); United States v. Colon Berrios, 791 F.2d 211, 212 n.1 (1st Cir. 1986) (observing that "consideration of factors enumerated in 18 U.S.C. § 3142(g) is proper where release is sought after conviction under § 3143"). Here, as set forth below, a consideration of these factors strongly counsel in favor of detention.

B.  The Defendant Is a Danger to the Community and Presents a Serious Risk of Flight

The Violation Report charges the defendant with making false statements to United States Probation Officer Anisha Jenkins by denying ownership of a 2017 Honda vehicle and by providing a fabricated account of his interaction with New York City Police Department officers in order to "justify the basis for law enforcement's interest in him." See Violation Report at 5.

In fact, the defendant is a primary suspect in a double homicide that occurred at his former place of employment at approximately 6:15 p.m. on Tuesday, January 24, 2017. Two men were found dead inside the back office of Universal Merchant Funding, at 124 Buel Avenue, Staten Island, New York. Each had at least one gunshot wound to the head.

Based on information received from the Richmond County District Attorney's Office, the defendant's vehicle, a gray sedan bearing New York license plate HJZ9520, was registered passing the Verrazano Narrows Bridge into Staten Island at approximately 4:26 p.m. and leaving Staten Island on the Verrazano-Narrows Bridge at approximately 6:31 p.m.,

2

approximately fifteen minutes after the homicides. Law enforcement officers have compared surveillance video from the Verrazano-Narrows Bridge and a photograph of the defendant, Ricky Dennis, and have determined that the same individual is depicted in both photographs. Database checks of the license plate number of the vehicle in the surveillance video confirms that it is the 2017 gray Honda Accord registered to the defendant.

According to the Richmond County District Attorney's Office, surveillance video at Universal Merchant Funding at 124 Buel Avenue, Staten Island, New York depicts an individual covering his head with an umbrella entering the location at 6:05 p.m. and walking into the back office, exiting a few minutes later. The individual then brought a white male to the back office before exiting, returning shortly thereafter, and finally fleeing the scene. A 911 call indicates that the perpetrator, a black male, fled the location in a gray vehicle. A witness known to the Richmond County District Attorney's Office has stated that the shooter was carrying a silver firearm and was wearing a mask covering the bottom portion of his face. Another witness has stated that the defendant, who was previously employed at by United Merchant Funding, see Violation Report at 6, left his employer under acrimonious circumstances.

Finally, based on information received from the Richmond County District Attorney's Office, a neoprene black mask was recovered by law enforcement officers from the defendant's vehicle.

Given these facts, the government submits that the defendant poses a serious danger to the community. That the defendant is implicated in an extraordinarily serious crime is also relevant to assessing his risk of flight. As outlined in the Violation Report, the defendant took steps to obfuscate or conceal his activities from the United States Probation Department. According to the Violation Report, when Probation Officer Jenkins asked the defendant about his contact with law enforcement on January 24, 2017, he falsely stated that his car was searched by police officers. The very nature of the charged violations evince an intent to evade law enforcement and underscore the defendant's risk of flight.

## CONCLUSION

For the foregoing reasons, the defendant cannot prove by clear and convincing evidence that he poses no danger to the community or risk of flight. The government respectfully requests that the Court detain the defendant.

Respectfully submitted,

ROBERT L. CAPERS
United States Attorney

By: /s/
Tanya Hajjar
Assistant U.S. Attorney
(718) 254-6109

cc: Clerk of Court (WFK) (by ECF)
Michael Weil, Esq. (by ECF)